**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 9:25-80850-CIV- Artau/Reinhart**

SEDIGHEH ZOLFAGHARI,

                Plaintiff,

      v.

UNITED STATES ARMY CORPS OF
ENGINEERS, *et al*.,

                Defendants.

**DEFENDANTS' REPLY IN SUPPPOF OF**
**MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General

ALEXANDER M. PURPURO (FL #1025872)
GREGORY M. CUMMING (DC # 1018173)
U.S. Department of Justice
Environment & Natural Resources Div.
150 M Street, NE, Ste. 4.400
Washington, D.C. 20044-7611
Tel: (202) 353-5230 (Purpuro)
Tel: (202) 598-0414 (Cumming)
alexander.purpuro@usdoj.gov
gregory.cumming@usdoj.gov

*Attorneys for Defendants*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

I.      INTRODUCTION ................................................................................................1

II.     ARGUMENT ........................................................................................................1

        A.     The 404 Permits are the only final agency actions identified in the Amended Complaint, and Plaintiff's APA challenge is time barred ......................1

              i.     Plaintiff fails to identify any final agency action other than her permits ....................................................................1

             ii.    Plaintiff failed to timely challenge the permitting decisions within the six-year statute of limitations .........................3

        B.     Plaintiff fails to establish that this Court has jurisdiction over her Fifth Amendment Takings Clause arguments ..........................................................5

III.    CONCLUSION ....................................................................................................8

i

Defs.' Reply in Support of Mot. to Dismiss | 9:25-80850-CIV-Artau/Reinhart

## TABLE OF AUTHORITIES

**Cases**

*Armstrong v. Exceptional Child Ctr., Inc.*,
    575 U.S. 320 (2015)................................................................................................... 6

*Bennett v. Spear*,
    520 U.S. 154 (1997)................................................................................................... 1

*Ctr. for Biological Diversity v. Hamilton*,
    453 F.3d 1331 (11th Cir. 2006) ................................................................................. 4

*Clayton County v. FAA*,
    887 F.3d 1262 (11th Cir. 2018) ................................................................................. 2

*Cobell v. Norton*,
    240 F.3d 1081 (D.C. Cir. 2001) ................................................................................. 3

*Corner Post, Inc. v. Bd. of Gov. of Fed. Rsrv. Sys.*,
    603 U.S. 799 (2024)................................................................................................... 3

*Darby Dev. Co. v. United States*,
    112 F.4th 1017 (Fed. Cir. 2024) ................................................................................ 8

*DeVillier v. Texas*,
    601 U.S. 285 (2024)................................................................................................... 7

*Eloi v. U.S. Att'y Gen.*,
    861 F. App'x 419 (11th Cir. 2021) ............................................................................ 5

*F.P. Dev., LLC v. Charter Twp. of Canton*,
    16 F.4th 198 (6th Cir. 2021) ...................................................................................... 5

*Fisher v. United States*,
    402 F.3d 1167 (Fed. Cir. 2005) ................................................................................. 6

*Fulton v. Fulton Cnty. Bd. of Comm'rs*,
    148 F.4th 1224 (11th Cir. 2025) ................................................................................ 5

*Gerlach v. Rokita*,
    95 F.4th 493 (7th Cir. 2024) ...................................................................................... 5

*Green v. Brennan*,
    578 U.S. 547 (2016)................................................................................................... 3

*Gupta v. Walt Disney Co.*,
    No. 6:23-cv-1806, 2024 WL 3738825 (M.D. Fla. July 24, 2024) ............................ 7

ii

Defs.' Reply in Support of Mot. to Dismiss | 9:25-80850-CIV-Artau/Reinhart

*Jackson v. Modly*,
   949 F.3d 763 (D.C. Cir. 2020) ................................................................. 4

*Knick v. Twp. of Scott*,
   588 U.S. 180 (2019) ................................................................................. 6

*Koontz v. St. Johns River Water Mgmt. Dist.*,
   570 U.S. 595 (2013) ................................................................................. 6

*McCoy v. Dep't of Educ.*,
   No. 8:23-cv-1975, 2024 WL 3520709 (M.D. Fla. July 24, 2024) ........................... 3

*Megladon, Inc. v. Vill. of Pinecrest*,
   661 F. Supp. 3d 1214 (S.D. Fla. 2023) ............................................... 2, 7, 8

*Menominee Indian Tribe of Wis. v. United States*,
   577 U.S. 250 (2016) ................................................................................. 4

*NACSO Non-Profit Bus. League, Inc. v. CFPB*,
   No. 20-61010-CIV, 2021 WL 863906 (S.D. Fla. Mar. 9, 2021) ................................ 4

*Nat'l Parks Conservation Ass'n v. Norton*,
   324 F.3d 1229 (11th Cir. 2003) ............................................................... 3

*Pakdel v. City & County of San Francisco*,
   594 U.S. 474 (2021) ................................................................................. 8

*Phillips v. U.S. Army Corps of Eng'rs*,
   No. 21-cv-00355, 2022 WL 3645849 (D. Utah Aug. 24, 2022) ............................... 8

*Sackett v. EPA*,
   566 U.S. 120 (2012) ................................................................................. 4

*Sackett v. EPA*,
   598 U.S. 651 (2023) ................................................................................. 4

*Singer v. City of New York*,
   417 F. Supp. 3d 297 (S.D.N.Y. 2019) ..................................................... 8

*Stone Container Corp. v. United States*,
   229 F.3d 1345 (Fed. Cir. 2000) ............................................................. 5

*United States v. Minor*,
   228 F.3d 352 (4th Cir. 2000) ................................................................. 7

*United States v. Sweeney*,
   483 F. Supp. 3d 871 (E.D. Cal. 2020) ..................................................... 8

iii

Defs.' Reply in Support of Mot. to Dismiss | 9:25-80850-CIV-Artau/Reinhart

*United States v. White Mountain Apache Tribe*,
   537 U.S. 465 (2003) ................................................................................................. 5

*United States v. Wong*,
   575 U.S. 402 (2015) ................................................................................................. 4

*Villegas v. United States*,
   926 F. Supp. 2d 1185 (E.D. Wash. 2013) ............................................................. 6, 7

**Statutes**

28 U.S.C. § 2401(a) ............................................................................................. 3, 4, 7

## I.     INTRODUCTION

Plaintiff Sedigheh Zolfaghari ("Plaintiff") has failed to establish that she has a cognizable claim under the Administrative Procedure Act ("APA") or the Fifth Amendment.  With regards to the APA, Plaintiff does not identify any final agency action, aside from the 2003 and 2009 Permits, subject to judicial review, and she fails to demonstrate that her claim is timely.  Further, Plaintiff fails to refute that this Court lacks jurisdiction over her claim under the Fifth Amendment, which either must be brought under the Tucker Act, or is not cognizable.  For these reasons, the Court should grant the motion to dismiss by Defendants United States Army Corps of Engineers (the "Corps"), Lieutenant General William H. Graham, and Alisa Zarbo.

## II.    ARGUMENT

### A.  The 404 Permits are the only final agency actions identified in the Amended Complaint, and Plaintiff's APA challenge is time barred.

#### i.  Plaintiff fails to identify any final agency action other than her permits.

In her opposition, Plaintiff effectively asserts that her Amended Complaint doesn't mean what it says.  Counts I and II each reference the "permits at issue"—i.e., her CWA permits—and ask this Court to set them aside as invalid.  Dkt. No. 25 ("Am. Compl.") ¶¶ 70, 82.  Plaintiff does not seek any relief with respect to any other purported "action" that the Corps allegedly took, thus, the logical inference from her Amended Complaint is that she is seeking review of the permits.

To avoid this conclusion, Plaintiff vaguely asserts that other purported "Acts" are final agency actions that can be challenged.  But as with her Amended Complaint, Plaintiff's opposition also fails to specify what she contends is the "final agency action" subject to challenge here.  Indeed, Plaintiff effectively concedes that the Corps did not take any final agency action independent of the CWA permits.  *See* Dkt. No. 33 ("Opp.") at 9 ("If it is difficult to describe the Corps' actions here as the consummation of the agency's decision-making process, *it is only because the Corps elected not to engage in one*.") (emphasis added).  As Plaintiff acknowledges, for an action to be "final," it must, in part, "mark the consummation of the agency's decisionmaking process."  *See id.* (quoting *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997)).  By asserting that the Corps has not engaged in a separate decisionmaking process

1

Defs.' Reply in Support of Mot. to Dismiss | 9:25-80850-CIV-Artau/Reinhart

independent of the Permits, Plaintiff concedes her Amended Complaint fails to identify "Acts" that are final agency actions.

Despite that concession, Plaintiff asserts in a cursory manner that the Corps' correspondence advising Plaintiff of her preexisting obligations under the 2009 Permit constitutes a new "final agency action" that she can challenge. *See id.* at 8-9.  But as explained in Defendants' Motion to Dismiss, the Corps' permitting decision *in 2009* established Plaintiff's obligation to maintain the mitigation areas on her property, not any subsequent communication reiterating permit terms.  Dkt. No. 32 ("Mot.") at 8-10.  The Corps' mere restatement of Plaintiff's permit conditions does not constitute final agency action because that statement did not determine any rights or impose any legal consequences.  *See Clayton County v. FAA*, 887 F.3d 1262, 1266-67 (11th Cir. 2018).

Further, contrary to Plaintiff's representation in her opposition, the Corps has not "chose[n] to move forward with enforcement."  *Contra* Opp. at 9.  As explained in the Motion to Dismiss, the letter merely alleges that Plaintiff violated her permit and makes clear further action is necessary before Plaintiff faces any legal consequences from her alleged violation.  Mot. at 9. Plaintiff does not allege that she has been subject to any consequences because of her alleged violation or that the Corps has sought any relief or pursued any penalty in connection with her activities.  The Eleventh Circuit has expressly held that noncompliance letters, like the one sent by the Corps here, are not final where they do not "conclusively determine[]" that the recipient was in violation of the law.  *Clayton County*, 887 F.3d at 1269.  Plaintiff fails to respond to these arguments or address this precedent in arguing otherwise.[1]

---

[1]     In briefly suggesting that the letters are final agency actions under the APA, Plaintiff cites a district court case discussing the ripeness of a lawsuit against the Village of Pinecrest and Miami-Dade County.  *See* Opp. at 9 (quoting *Megladon, Inc. v. Vill. of Pinecrest*, 661 F. Supp. 3d 1214, 1232-34 (S.D. Fla. 2023)).  That case provides no support for Plaintiff's arguments.  For starters, that case involved constitutional claims against state government entities, not an APA challenge seeking review of a final agency action of a federal agency.  *Megladon*, 661 F. Supp. 3d at 1218-21.  Further, the language Plaintiff cites discussed whether the claims in *Megladon* were ripe, not whether the plaintiff there had identified a final agency action appropriate for review under the APA.  *See id.* at 1232-36.  The court provided no analysis of whether the activities discussed in that case are final agency actions appropriate for review under the APA. *See id.*

2

Defs.' Reply in Support of Mot. to Dismiss | 9:25-80850-CIV-Artau/Reinhart

Rather than meaningfully respond to the merits of the Corps' arguments that the 2024 and 2025 communications are not final agency actions subject to review, Plaintiff largely engages in rhetoric that the Corps has somehow attempted to "shield[]" its actions from judicial review. Opp. at 9. That is wrong. Plaintiff had the opportunity to seek judicial review of her permits during the six years after she obtained the 2009 Permit. *See* Mot. at 6-8; *infra* § II.A.ii. It is *Plaintiff's* decision not to timely pursue judicial review that precludes such review here, not any action by the Corps.[2]

### ii. Plaintiff failed to timely challenge the permitting decisions within the six-year statute of limitations.

Plaintiff alternatively argues that a challenge to the permits would be timely because her claim did not begin to accrue until the Supreme Court's *Sackett* decision was issued in 2023. Plaintiff misapprehends the relevant legal standard. The Supreme Court recently held that "[a]n APA claim does not accrue for purposes of § 2401(a)'s 6-year statute of limitations until the plaintiff is *injured* by final agency action." *Corner Post, Inc. v. Bd. of Gov. of Fed. Rsrv. Sys.*, 603 U.S. 799, 825 (2024). Plaintiff does not meaningfully dispute that she was "injured" by either of the permits in 2009 at the latest. Accordingly, the clock under 28 U.S.C. § 2401(a) began to tick in 2009.

Relying on an unpublished decision from the Middle District of Florida, Plaintiff asserts that her APA claim did not accrue until she knew or should have known that she had a claim. *See* Opp. at 10 (quoting *McCoy v. Dep't of Educ.*, No. 8:23-cv-1975, 2024 WL 3520709, at *4 (M.D. Fla. July 24, 2024)). *McCoy* has little relevance here, both because it did not involve an APA claim or apply the standard set forth in *Corner Post*. *See McCoy*, 2024 WL 3520709 at *4. *Corner Post* expressly states that a claim accrues "when the plaintiff has a 'complete and present cause of action'—*i.e.*, when she has the right to 'file suit and obtain relief.'" *Corner Post*, 603 U.S. at 809 (quoting *Green v. Brennan*, 578 U.S. 547, 554 (2016)). Plaintiff indisputably had a

---

[2]     Plaintiff cites *National Parks Conservation Ass'n v. Norton*, 324 F.3d 1229 (11th Cir. 2003), but fails to explain its relevance here. Opp. at 9-10. The quoted passage cited case law explaining that where an agency "is under an unequivocal statutory duty to act, failure to act" can constitute a "final agency action." *National Parks Conservation Ass'n*, 324 F.3d at 1239 (quoting *Cobell v. Norton*, 240 F.3d 1081, 1095 (D.C. Cir. 2001)). But Plaintiff does not argue that the Corps presently has any "unequivocal statutory duty to act" or that the Corps has withheld such action.

Defs.' Reply in Support of Mot. to Dismiss | 9:25-80850-CIV-Artau/Reinhart

"complete and present cause of action" to challenge the mitigation conditions in 2009.  Plaintiff does not dispute that the Corps' permitting decision was final at that point, or that she was "injured" by the mitigation conditions.  Accordingly, the clock to seek review under the APA began to tick then and the Court should dismiss Plaintiff's claims as time barred.

Further, even if accrual were based on whether Plaintiff "knew" that she had a claim, the answer would be the same.  A reasonably prudent person would know they could seek review of a Corps permitting decision on the grounds Plaintiff asserts here at the time it was issued, in 2009.  As the Supreme Court in *Sackett II* recognized, the history of the CWA is replete with litigation over the scope of federal jurisdiction over wetlands.  *See Sackett v. EPA*, 598 U.S. 651, 663-67 (2023) ("*Sackett II*").  Indeed, the Sacketts themselves, in disputing the scope of "navigable waters," first reached the Supreme Court in 2012, *see Sackett v. EPA*, 566 U.S. 120 (2012), *during* Plaintiff's window for seeking review of the 2009 mitigation conditions.  Various plaintiffs can and have raised the very challenges that Plaintiff seeks to bring here, long before *Sackett II* was decided.  At *best*, Plaintiff can assert that her odds of success in bringing such a challenge were uncertain, but "it is common for a litigant to be confronted with significant costs to litigation, limited financial resources, *an uncertain outcome based upon an uncertain legal landscape*, and impending deadlines."  *See Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 258 (2016) (emphasis added) (citation omitted).  Those uncertainties about the merits of a claim do not have any bearing on when that claim accrued.

Finally, even if Plaintiff were allowed to make an equitable tolling argument, she fails to establish grounds to toll the statute of limitations.[3]  *See, e.g.*, *Menominee Indian Tribe*, 577 U.S. at 257 (holding, in part, that grounds for equitable tolling were not present because "the fact that there may have been significant risk and expense associated with presenting and litigating its

---

[3]     Plaintiff asserts that the statute of limitations under 28 U.S.C. § 2401(a) is not jurisdictional, and therefore, it is subject to equitable tolling.  Plaintiff relies on *United States v. Wong*, 575 U.S. 402 (2015), which held that subsection (b) is not jurisdictional.  *Id.* at 412. While other circuits have extended the Court's reasoning in *Wong* to apply to subsection (a), *see, e.g., Jackson v. Modly*, 949 F.3d 763, 776 (D.C. Cir. 2020), the Eleventh Circuit's decision in *Center for Biological Diversity v. Hamilton*, 453 F.3d 1331, 1334 (11th Cir. 2006), holding that subsection (a) is jurisdictional, appears to remain good law and is therefore binding.  *See NACSO Non-Profit Bus. League, Inc. v. CFPB*, No. 20-61010-CIV, 2021 WL 863906, at *3 n.3 (S.D. Fla. Mar. 9, 2021) ("[A]s the case law stands, this Court is still bound by *Center for Biological Diversity*.").  However, as discussed in this section, even if subsection (a) could be equitably tolled, Plaintiff has failed to establish any basis for doing so here.

4

Defs.' Reply in Support of Mot. to Dismiss | 9:25-80850-CIV-Artau/Reinhart

claims is far from extraordinary"); *Eloi v. U.S. Att'y Gen.*, 861 F. App'x 419, 425 (11th Cir. 2021) ("Both the Supreme Court and our Court have repeatedly held, in a different but analogous context, that a change in the law does not constitute an extraordinary circumstance for purposes of reopening a case or for purposes of equitable tolling.") (collecting cases). Aside from generically stating the standard for equitable tolling, Plaintiff fails to explain how that standard is satisfied here. Plaintiff does not explain how this action, brought more than a decade after her deadline for suit, reflects she "diligently" pursued her rights. And Plaintiff does not assert that she was "prevented" from bringing this action earlier, or that any "extraordinary circumstances" exist that prevented her from bringing this action.

**B. Plaintiff fails to establish that this Court has jurisdiction over her Fifth Amendment Takings Clause arguments.**

To avoid the facial conclusion that her *takings* claim is untimely or barred by the Tucker Act's monetary jurisdictional threshold, Mot. at 10-12, Plaintiff avers that her unconstitutional conditions claim is uniquely untethered to traditional timeliness and jurisdictional requirements. Opp. at 13-17. In particular, she argues that "while unconstitutional conditions claims derive from the Fifth Amendment (like takings claims), they are not the same as takings claims." Opp. at 17. But an unconstitutional conditions claim premised on a violation of the Fifth Amendment does not exist in the ether, *see F.P. Dev., LLC v. Charter Twp. of Canton*, 16 F.4th 198, 203-06 (6th Cir. 2021) (explaining unconstitutional conditions claim implicates the Takings Clause), particularly when, as here, it is brought against the United States, nor is it unbound from statutes of limitations. *See, e.g.*, *Stone Container Corp. v. United States*, 229 F.3d 1345, 1350 (Fed. Cir. 2000) ("the federal government may apply statutes of limitations to just compensation claims").

As an overarching matter, although Plaintiff claims that she "has not invoked the Tucker Act" to establish jurisdiction, Opp. at 17, her claim cannot exist without a waiver of sovereign immunity, cause of action, and jurisdiction. *See United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472-73 (2003). Here, those are supplied by the Fifth Amendment and the Tucker Act because, as the Seventh Circuit recently explained, "[n]either we nor the Supreme Court have ever recognized a direct cause of action for compensation under the Takings Clause." *Gerlach v. Rokita*, 95 F.4th 493, 498 (7th Cir. 2024); *see also Fulton v. Fulton Cnty. Bd. of Comm'rs*, 148 F.4th 1224, 1271 (11th Cir. 2025) (Pryor, J., dissenting) ("[T]he precedents contemplate three procedural vehicles through which a property owner can vindicate his right to

5

Defs.' Reply in Support of Mot. to Dismiss | 9:25-80850-CIV-Artau/Reinhart

compensation: the Tucker Act, state-law actions, and section 1983."); *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (the Tucker Act "does two things: (1) it confers jurisdiction upon the Court of Federal Claims over the specified categories of actions brought against the United States, and (2) it waives the Government's sovereign immunity for those actions.").

Although Plaintiff argues that "[f]ederal courts routinely hear unconstitutional conditions claims against the federal government without any invocation of the Tucker Act whatsoever," Opp. at 17, she ignores that the cases she cites concerned different constitutional rights, such as the Fourth Amendment (and not ones where there is an express statutory cause of action and waiver of sovereign immunity). Here, on the other hand, Congress has explicitly provided a cause of action via the Tucker Act, displacing any direct equitable cause of action that may have otherwise existed. *See Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 327 (2015) ("The power of federal courts of equity to enjoin unlawful executive action is subject to express and implied statutory limitations."). To that end, the Supreme Court has recognized the Tucker Act as the vehicle to redress an alleged Fifth Amendment violation by the Federal Government. *Knick v. Twp. of Scott*, 588 U.S. 180, 194 (2019) ("[S]omeone whose property has been taken by the Federal Government has a claim 'founded . . . upon the Constitution' that he may bring under the Tucker Act."); *see also Koontz v. St. Johns River Water Mgmt. Dist.*, 570 U.S. 595, 608-09 (2013) ("[T]he Fifth Amendment mandates a particular remedy—just compensation—only for takings . . . whether [a remedy is] available is not a question of federal constitutional law but of the cause of action—whether state or federal—on which the landowner relies.").

And, of course, though Plaintiff disclaims her request for nominal damages as "more like declaratory relief than compensate[ion]," Opp. at 17, "[a] litany of federal courts have held that plaintiffs may not avoid the exclusive jurisdiction of the Court of Federal Claims by simply reframing their monetary claims as equitable claims." *Villegas v. United States*, 926 F. Supp. 2d 1185, 1198 (E.D. Wash. 2013). This is especially so because, as the Supreme Court explained in *Knick*, federal courts do not enjoin alleged takings. 588 U.S. at 185 ("So long as the property owner has some way to obtain compensation after the fact, governments need not fear that courts will enjoin their activities.").

What Plaintiff is left with, then, is a claim whose only basis for a waiver of sovereign immunity and whose only path to a court with jurisdiction is the Tucker Act. If Plaintiff, as she explicitly states, disclaims "invocation of [that] Act," Opp. at 17, the Court should dismiss this

6

Defs.' Reply in Support of Mot. to Dismiss | 9:25-80850-CIV-Artau/Reinhart

claim for the reasons stated above and because both her Amended Complaint and Opposition fail to specify what waiver of sovereign immunity gives her the right to sue for an alleged violation of the Fifth Amendment.  *See DeVillier v. Texas*, 601 U.S. 285, 291 (2024) ("Constitutional rights do not typically come with a built-in cause of action to allow for private enforcement in courts.").

    If, on the other hand (and notwithstanding her protestations to the contrary) Plaintiff's claim is found to arise under the Tucker Act, the claim is untimely for the following two reasons. First, Plaintiff appears to disclaim that her claim is founded on her original April 1, 2009 permit, likely because that claim is plainly time-barred.[4]  *See Gupta v. Walt Disney Co.*, No. 6:23-cv-1806, 2024 WL 3738825, at *5 (M.D. Fla. July 24, 2024) (explaining that the six-year statute of limitations under 28 U.S.C. § 2401(a) applies to claims brought under the Little Tucker Act).

    Second, Plaintiff seems to argue that, even though the permit conditions she takes issue with arose in 2009, her claim is nonetheless timely due to the Corps' recent communications advising Plaintiff of the agency's view that she is in violation of her permit conditions and notwithstanding that she may submit an application to modify her permit to address the concerns that precipitated this litigation.  *See* Opp. at 13 (arguing that "the ripeness concerns at play differ from those in traditional takings cases"); Am. Compl. ¶ 58.[5]  But Plaintiff's argument, which principally relies on *Megladon, Inc. v. Village of Pinecrest*, drastically overreads that decision. *See* Opp. at 14 (citing 661 F. Supp. 3d at 1233).  She overlooks that the Supreme Court has found that, even if administrative exhaustion is not strictly required, "a plaintiff's failure to properly pursue administrative procedures may render a claim unripe *if* avenues still remain for the government to clarify or change its decision."  *Pakdel v. City & County of San Francisco*, 594

---

[4]    If Plaintiff is deemed to be able to pursue an equitable cause of action, that would make no difference in the timeliness of any claim challenging her 2009 permit.  *See United States v. Minor*, 228 F.3d 352, 359 (4th Cir. 2000) (applying six-year statute of limitations to due process challenge to civil forfeiture); *see also Villegas*, 926 F. Supp. 2d at 1199 ("Plaintiff lacks standing to seek equitable relief for wholly-past injuries.").

[5]    To that end, Plaintiff attempts to muddy the waters to obscure what Corps action is the genesis of her suit.  *See* Opp. at 15 (claiming "unconstitutional conditions claims are not shackled to a discrete final agency decision in the same way APA claims are."); *id.* (claiming "some of the unconstitutional conditions . . . were imposed in 2024 and 2025").  But she provides no citation to support her claim that an unconstitutional conditions claim need not identify what action actually caused the imposition of the condition.

7

Defs.' Reply in Support of Mot. to Dismiss | 9:25-80850-CIV-Artau/Reinhart

U.S. 474, 480 (2021); *see also Megladon*, 661 F. Supp. 3d at 1235 (the Supreme Court "held only that, to ripen his claim, the plaintiff had to ask the initial reviewer [ ] for those variances."). Here, because modification of the permit is possible, Plaintiff cannot satisfy even the lenient iteration of ripeness propounded in *Megladon*.

Finally, and irrespective of timeliness, Plaintiff's claim arguably does not implicate the unconstitutional conditions doctrine at all (which requires a predicate underlying takings claim). Instead, her true dispute is that the Corps has refused to modify her permit in light of *Sackett*; but that claim is one that the agency is acting in excess of its statutory authority, not that it has taken her property. *See Darby Dev. Co. v. United States*, 112 F.4th 1017, 1037 (Fed. Cir. 2024) (Dyk, J., dissenting) ("For well over 100 years the Supreme Court has recognized that unauthorized actions of a federal agency or federal official cannot create takings liability. If a government agent exceeds the authority conferred by the statute which grants it the power to act, then that action is unauthorized."); *see also United States v. Sweeney*, 483 F. Supp. 3d 871, 937 (E.D. Cal. 2020) ("[D]efendants have not shown they attempted to procure a permit for their activity and were either expressly denied that permit or the government placed unconstitutional conditions on the acquisition of that permit"); *Singer v. City of New York*, 417 F. Supp. 3d 297, 326 (S.D.N.Y. 2019) ("As an initial matter, Plaintiffs have cited no authority for the proposition that an unconstitutional conditions doctrine claim is cognizable where a government agency provides reasons for its denial of a permit – reasons Plaintiffs do not contend constitute unconstitutional conditions – and the alleged condition is unofficial and implicit."); *Phillips v. U.S. Army Corps of Eng'rs*, No. 21-cv-00355, 2022 WL 3645849, at *6 (D. Utah Aug. 24, 2022) (finding Corps' requirement that plaintiff agree to a permit before appealing a jurisdictional determination did not implicate constitutional right necessary to trigger unconstitutional conditions doctrine).

In sum, if Plaintiff's claim arises under the Tucker Act it should be dismissed as untimely or as failing to fall within the Little Tucker Act's jurisdictional threshold.  If her claim is simply a standalone attempt to enforce the Fifth Amendment, it should be dismissed for lack of sovereign immunity and for want of a cause of action.

### III.   CONCLUSION

For the reasons stated in the Motion and this Reply, the Court should dismiss Plaintiff's Amended Complaint with prejudice.

8

Defs.' Reply in Support of Mot. to Dismiss | 9:25-80850-CIV-Artau/Reinhart

DATED:  January 23, 2026               Respectfully submitted,


                                       ADAM R.F. GUSTAFSON
                                       Principal Deputy Assistant Attorney General

                                       /s/ Alexander M. Purpuro
                                       ALEXANDER M. PURPURO (FL #1025872)
                                       GREGORY M. CUMMING (DC #1018173)
                                       U.S. Department of Justice
                                       Environment & Natural Resources Div.
                                       150 M Street, NE, Ste. 4.400
                                       Washington, D.C. 20044-7611
                                       Tel: (202) 353-5230 (Purpuro)
                                       Tel: (202) 598-0414 (Cumming)
                                       alexander.purpuro@usdoj.gov
                                       gregory.cumming@usdoj.gov

                                       *Attorneys for Defendants*