UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-80850-CIV-Artau/Reinhart

ZOLFAGHARI,

    Plaintiff,

v.

UNITED STATES ARMY CORPS OF
ENGINEERS, *et al.*,

    Defendants.

**JOINT MOTION TO STAY DISCOVERY AND PRETRIAL DEADLINES**

  Plaintiff Sedigeh Zolfaghari ("Plaintiff") and Defendants the United States Army Corps of Engineers (the "Corps"), Lieutenant General William H. Graham, and Alisa Zarbo ("Defendants") (together, the "Parties") jointly move to stay certain deadlines contained in the Court's January 13, 2026 Order Setting Trial and Pre-Trial Schedule, Requiring Mediation, and Referring Certain Matters to Magistrate Judge, Dkt. No. 36. The Parties agree that staying all deadlines, except for those relating to mediation and amendment of the pleadings, is appropriate in light of Defendants' pending Motion to Dismiss Plaintiff's Amended Complaint and the divergent nature of Plaintiff's claims asserted against Defendants. For the reasons set forth in this Motion, the Parties respectfully request that the Court stay those deadlines until it rules on Defendants' Motion to Dismiss.

**BACKGROUND**

  Through her Amended Complaint, Plaintiff alleges that the Corps has unlawfully set permit conditions on her property and asserts claims under the Administrative Procedure Act

("APA") and the Fifth Amendment Takings Clause.  Dkt. No. 25.  Plaintiff seeks declaratory relief pursuant to 5 U.S.C. § 706, injunctive relief, nominal damages, rescission, and attorneys' fees.  *Id.*  On December 2, 2025, Defendants moved to dismiss Plaintiff's claims in their entirety on jurisdictional and failure to state a claim grounds.  Dkt. No. 32.  Briefing on that Motion is complete.

## LEGAL STANDARD

"A district court 'has broad discretion to stay proceedings as an incident to its power to control its own docket.'"  *Cuhaci v. Kouri Grp., LP*, 540 F. Supp. 3d 1184, 1186 (S.D. Fla. 2021) (quoting *Clinton v. Jones*, 520 U.S. 681, 706 (1997)).  In evaluating the appropriateness of a discovery stay, the court may consider whether a ruling on a pending motion to dismiss will eliminate the need for discovery.  *See Ray v. Spirit Airlines, Inc.*, No. 12-61528-Civ., 2012 WL 5471793, at *1 (S.D. Fla. 2012) (citation and alteration omitted).  "The court must also weigh the harm produced by a delay in discovery against the likely costs and burdens of proceeding with discovery."  *Id.* (citations and quotations omitted).  "[T]he proponent of the stay bears the burden of demonstrating its necessity, appropriateness, and reasonableness."  *Id.*

## ARGUMENT

The Parties agree that a stay of the discovery and pretrial deadlines in this matter pending resolution of Defendants' Motion to Dismiss is warranted given the posture of this case.  Plaintiff advances claims seeking review of a final agency action under the APA as well as an unlawful taking under the Fifth Amendment.  Because a traditional discovery and trial schedule, as set forth in this Court's scheduling order, is generally not appropriate for a claim brought under the APA, the Parties respectfully request that the Court stay that schedule until it resolves Defendants' Motion to Dismiss.

Under the APA, a court may review and set aside a final agency action found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). The scope of judicial review is limited to the administrative record. *See id.* § 706 ("the court shall review the whole record or those parts of it cited by a party"). Both the Supreme Court and the Eleventh Circuit have emphasized that "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973); *see also Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985); *Alabama-Tombigbee Rivers Coal. v. Kempthorne*, 477 F.3d 1250, 1262 (11th Cir. 2007). Accordingly, the Eleventh Circuit has explained that "the task of the reviewing court is to apply the appropriate [APA] standard of review . . . to the agency decision based on the record the agency presents to the reviewing court.'" *Preserve Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 87 F.3d 1242, 1246 (11th Cir. 1996) (cleaned up and citation omitted). And "[w]hen reviewing a final agency action under the [APA], however, 'the district judge sits as an appellate tribunal,' and '[t]he "entire case" on review is a question of law.'" *Rolling Meadow Ranch Groves, LLC v. U.S. Dep't of Agric.*, 682 F. Supp. 3d 1253, 1257 (S.D. Fla. 2023) (quoting *Am. Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1083 (D.C. Cir. 2001)).

Given this scope of review, the Parties agree that there is good cause to stay the deadlines in this Court's Scheduling Order until the Court rules on Defendants' Motion to Dismiss. Defendants' Motion has the potential to dispose of this matter in its entirety. And if the Court were to partially grant Defendant's Motion by dismissing Plaintiff's Fifth Amendment claim, but permitting the APA claims to proceed, that ruling would obviate the need for discovery and render this case suitable for resolution on an administrative record. *See id.* To be sure, the

Parties disagree on how Defendants' Motion to Dismiss should be resolved.  However, the Parties do agree that because Defendants' Motion raises threshold issues and because resolution of the Motion will govern the appropriate next steps in this litigation, a stay of the discovery deadlines, pretrial deadlines, and the trial date is appropriate.  No party will be prejudiced by a stay of discovery and associated deadlines.  Further, a stay will promote the efficient resolution of this matter by having the potential of avoiding unnecessary costs to the litigants and the Court.

## CONCLUSION

For the reasons stated, the Parties respectfully request that the Court issue an order staying the April 13, May 13, August 26, October 15, and November 4, 2026 deadlines set forth in this Court's Scheduling Order, as well as the December 2026 trial, *see* Dkt. No. 36.  The Parties further request that this Court order the parties to confer and submit a revised case management proposal, if appropriate, within ten days of this Court's order on Defendants' Motion to Dismiss, Dkt. No. 32.

DATED:  February 17, 2026                    Respectfully submitted,

| | |
|---|---|
| David C. McDonald*<br>Frank D. Garrison*<br>PACIFIC LEGAL FOUNDATION<br>3100 Clarendon Blvd., Ste. 1000<br>Arlington, VA 22201<br>Ph: (202) 888-6881<br>Email: dmcdonald@pacificlegal.org<br>     fgarrison@pacificlegal.org | */s/ Mark Miller*<br>Mark Miller<br>Fla. Bar No. 0094961<br>PACIFIC LEGAL FOUNDATION<br>4440 PGA Blvd., Ste. 307<br>Palm Beach Gardens, FL 33410<br>Ph: (561) 691-5000<br>Email: mark@pacificlegal.org |

*admitted pro hac vice

*Attorneys for Plaintiff*

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General

/s/ *Gregory M. Cumming*
ALEXANDER M. PURPURO (FL #1025872)
GREGORY M. CUMMING (DC #1018173)
U.S. Department of Justice
Environment & Natural Resources Div.
150 M Street, NE, Ste. 4.400
Washington, D.C. 20044-7611
Tel: (202) 353-5230 (Purpuro)
Tel: (202) 598-0414 (Cumming)
alexander.purpuro@usdoj.gov
gregory.cumming@usdoj.gov

*Attorneys for Defendants*