**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-80850-CIV-Artau/Reinhart**

ZOLFAGHARI,

    Plaintiff,

  v.

UNITED STATES ARMY CORPS OF
ENGINEERS, *et al*.,

    Defendants.

## JOINT MOTION TO RESET DEADLINES AND SET BRIEFING SCHEDULE

Plaintiff Sedigheh Zolfaghari ("Plaintiff") and Defendants the United States Army Corps

of Engineers (the "Corps"), Lieutenant General William H. Graham, and Alisa Zarbo

("Defendants") (together, the "Parties") jointly move for the entry of a new schedule for this

matter.

Through her Amended Complaint, Plaintiff alleges that the Corps has unlawfully set

permit conditions on her property and asserts claims under the Administrative Procedure Act

("APA") and the Fifth Amendment Takings Clause.  Dkt. No. 25.  Plaintiff seeks declaratory

relief pursuant to 5 U.S.C. § 706, injunctive relief, nominal damages, and attorneys' fees.  *Id.*  On

December 2, 2025, Defendants moved to dismiss Plaintiff's claims in their entirety on

jurisdictional and failure to state a claim grounds.  Dkt. No. 32.  The Court denied that motion,

Dkt. No. 43, and Defendants have filed their Answer, Dkt. No. 50.

The Parties have conferred regarding an efficient approach to resolving Plaintiff's claims

and respectfully request that the Court enter the following schedule:

April 24, 2026:    Defendants will produce the Administrative Record for Plaintiff's claims under the Administrative Procedure Act (APA).  Defendants will file a notice and certified index of the record with the Court upon production of the record to Plaintiff and the parties will file relevant excerpts of the record with their respective briefs.

May 15, 2026:    Plaintiff will file an opening motion for summary judgment, not to exceed 25 pages[1] in length, briefing Plaintiff's claims under the Administrative Procedure Act (Claims 1 and 2), as well as any arguments Plaintiff contends are appropriate with respect to her unconstitutional conditions claim (Claim 3).

June 5, 2026:    Defendants will file their combined cross-motion for summary judgment and response, not to exceed 25 pages in length.

June 24, 2026:    Plaintiff will file her combined response to Defendants' cross-motion and reply in support of her motion, not to exceed 15 pages in length.

July 10, 2026:    Defendants will file their reply in support of their cross-motion, not to exceed 15 pages in length.

The proposed briefing schedule provides for an appropriate vehicle for the prompt resolution of Plaintiff's claims under the APA.  Under the APA, a court may review and set aside a final agency action found to be "arbitrary, capricious, an abuse of discretion, or otherwise not

---

[1] The slight increase in pages accounts for the cross-motion format proposed here.  Were the parties to file separate, concurrent cross-motions under this Court's Local Rule, the total page count for the briefing would be up to 100 pages (two twenty-page opening motions, two twenty-page opposing memoranda, and two ten-page replies).  *See* L.R. 7.1(c)(2).  In contrast, this proposal would result in a maximum of 80 pages across the total briefing.

2

Joint Motion to Reset Deadlines and Set Briefing Schedule
Case No. 9:25-cv-80850-EA

in accordance with law." 5 U.S.C. § 706(2)(A). The scope of judicial review is limited to the administrative record. *See id.* § 706 ("the court shall review the whole record or those parts of it cited by a party"). And "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973); *see also Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985); *Alabama-Tombigbee Rivers Coal. v. Kempthorne*, 477 F.3d 1250, 1262 (11th Cir. 2007); *see also Preserve Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 87 F.3d 1242, 1246 (11th Cir. 1996) ("the task of the reviewing court is to apply the appropriate [APA] standard of review . . . to the agency decision based on the record the agency presents to the reviewing court.") (citation modified).

Given this scope of review, and because the parties agree that Plaintiff's APA claims can be resolved based on the agency record, without discovery or trial, the parties assert that there is good cause to modify the present scheduling order and to enter the proposed schedule. In addition, the parties may raise in their motions any legal arguments with respect to Plaintiff's unconstitutional conditions claim that they contend are appropriate for consideration without further discovery in this matter. Accordingly, this briefing will permit the Court to resolve Plaintiff's APA claims on the papers and may permit the resolution of Plaintiff's unconstitutional conditions claim without discovery. Thus, the parties' proposed course will aid in "the just, speedy, and inexpensive determination" of this matter. *See* Fed. R. Civ. P. 1.

In addition, because the Court's resolution of the parties' cross-motions may completely resolve this matter, the parties also propose that the Court stay the remaining deadlines in this matter pending resolution of those motions. In the alternative, if the Court is disinclined to stay those deadlines, the parties respectfully request that the Court enter the below schedule for the

remaining pre-trial deadlines in this matter following the summary judgment briefing outlined above:[2]

| | |
|---|---|
| August 28, 2026: | The parties commence discovery and exchange initial disclosures. |
| October 9, 2026: | Parties exchange expert witness summaries or reports. |
| November 9, 2026: | Parties exchange rebuttal expert witness summaries or reports. |
| December 14, 2026: | All discovery, including expert discovery, is completed. |
| February 5, 2027: | All pre-trial motions and Daubert motions (which include motions to strike experts) are filed. |
| February 26, 2027: | The parties shall file the following materials: |

        (1) a joint pre-trial stipulation pursuant to Local Rule 16.1(e);

        (2) a joint exhibit list and a joint trial plan;

        (3) individually filed witness lists and deposition designations (and objections thereto and counter designations);

        (4) joint proposed jury instructions and verdict form in accordance with the instructions below [or proposed findings of fact and conclusions of law, as applicable]; and

        (5) any motions in limine (other than Daubert motions).

| | |
|---|---|
| March 29, 2027 (or later): | Trial begins. |

---

[2] Mediation deadlines are omitted from this proposal because the parties have already satisfied that requirement.  *See* Dkt. Nos. 51, 53.

The above schedule would permit the parties to brief, and this Court to resolve, the parties' arguments on summary judgment as to Plaintiff's claims and potentially eliminate the need for some or all discovery.

For the reasons stated, the parties jointly request that this Court modify the schedule in this matter as set forth in this motion.

DATED: April 24, 2026.

                                          Respectfully submitted,

David C. McDonald*                        /s/ Mark Miller (with permission)
Frank D. Garrison*                        Mark Miller
PACIFIC LEGAL FOUNDATION                   Fla. Bar No. 0094961
3100 Clarendon Blvd., Ste. 1000            PACIFIC LEGAL FOUNDATION
Arlington, VA 22201                        4440 PGA Blvd., Ste. 307
Tel: (202) 888-6881                        Palm Beach Gardens, FL 33410
dmcdonald@pacificlegal.org                 Tel: (561) 691-5000
fgarrison@pacificlegal.org                 mark@pacificlegal.org
*admitted pro hac vice

*Attorneys for Plaintiff Sedigheh Zolfaghari*


/s/ Alexander M. Purpuro
ALEXANDER M. PURPURO (FL #1025872)
YOUNG A. KANG (FL #1025505)
U.S. Department of Justice
Environment & Natural Resources Div.
150 M Street, NE, Ste. 4.400
Washington, D.C. 20044-7611
Tel: (202) 353-5230 (Purpuro)
Tel: (202) 322-8378 (Kang)
alexander.purpuro@usdoj.gov
young.kang@usdoj.gov

*Attorneys for Defendants*

Joint Motion to Reset Deadlines and Set Briefing Schedule
Case No. 9:25-cv-80850-EA